**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN KERR EUGSTER, | No. 15-35743 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00375-JLR |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION, a Washington association; et al. | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Stephen Kerr Eugster, an attorney and member of the Washington State Bar

Association ("WSBA"), appeals pro se the district court's judgment dismissing his

42 U.S.C. § 1983 action alleging freedom of speech and association claims under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the First and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and we affirm.

The district court properly dismissed Eugster's claims relating to his compulsory membership in the WSBA because an attorney's mandatory membership with a state bar association is constitutional. *See Keller v. State Bar of Cal.*, 496 U.S. 1, 13 (1990) ("[T]he compelled association and integrated bar are justified by the State's interest in regulating the legal profession and improving the quality of legal services."); *Lathrop v. Donohue*, 367 U.S. 820, 843 (1961) (Brennan, J., plurality opinion) (state bar association may constitutionally require compulsory membership and payment of dues without impinging on protected rights of association). Contrary to Eugster's contentions, this court cannot overrule binding authority because "[a] decision of the Supreme Court will control that corner of the law unless and until the Supreme Court itself overrules or modifies it." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).

The district court properly dismissed Eugster's claim that the WSBA improperly funds certain activities because Eugster failed to allege facts sufficient to show an improper use of his mandatory annual WSBA bar dues. *See Keller*, 496 U.S. at 14 (state bar may spend its members' dues "for the purpose of regulating

the legal profession or improving the quality of the legal service available to the people of the State" (citation and internal quotation marks omitted)).

**AFFIRMED.**